# Exhibit A

4

FILED SUE JONES
CIRCUIT CLERK

IN THE CIRCUIT COURT OF HOT SPRING COUNTY, ARKANSAS

_____ DIVISION          2008 JUN -4  AH 11: 04

HOT SPRING COUNTY, ARK.

NATHAN CHANCELLOR                                      **PLAINTIFF**

v.                          Case No. CV-2008-138-3    /SW    D.C.

STATE FARM MUTUAL AUTOMOBILE                          **DEFENDANT**
INSURANCE COMPANY

## COMPLAINT

Comes now the Plaintiff, Nathan Chancellor, by and through his attorneys, Busfield &

Dugger, P.A., and for his Complaint and Request for Declaratory Judgment, states as follows:

1.    Plaintiff is a resident of Hot Spring County, Arkansas.

2.    Defendant, State Farm Mutual Automobile Insurance Company (hereinafter

"State Farm") is an entity licensed to sell insurance in the State of Arkansas and State Farm

issued a policy of insurance in Malvern, Hot Spring County, Arkansas to Plaintiff's grandfather,

Policy No. 1418597041.

3.    The instant action seeks damages and attorney's fees for breach of contract and

violation of statutory obligations.

4.    This Court has jurisdiction over the parties and subject matter and venue.

5.    On October 23, 2007, Plaintiff was injured while operating a vehicle owned by

H.R. Chancellor when, suddenly and without warning, he encountered another vehicle traveling

the opposite direction.  This vehicle appeared to be out of control and it crossed over into

Plaintiff's lane of travel and slammed into him.  H.R. Chancellor's vehicle was totally destroyed

and Plaintiff suffered severe permanent injuries.

6.      Plaintiff's injuries included a left femur fracture, which required surgery, and less severe injuries to his shoulder, neck and chest, as well as pain and suffering and mental anguish.

7.      At the time of said collision, Plaintiff was the beneficiary of first party personal injury protection coverage ("PIP") with the Defendant, including specifically no fault medical payments coverage, which was provided under the terms of the policy issued to H.R. Chancellor.

8.      Said coverage was in the amount of $10,000.00.  A certified copy of the certificate of coverage is attached hereto as Exhibit A.  Plaintiff incorporates the terms and conditions of the policy of insurance by reference and will request a complete and certified copy of the policy of insurance from Defendant State Farm through discovery.  Upon receipt, Plaintiff will amend his complaint in accordance with Rule 10 of the Ark. R. Civ. Pro.

9.      On or about December 19, 2007, Plaintiff notified State Farm of his intent to assert a personal injury protection claim pursuant to the available coverage.  By correspondence of that date, Plaintiff's medical bills were also sent to Defendant.  See Exhibit B.

10.     Because the payment requested on January 21, 2008 had not been received as of March 17, 2008, an additional request was sent to Defendant.  Plaintiff also forwarded medical bills and records to State Farm totaling in excess of $27,273.31, and specifically requested payment be made to Plaintiff so that Plaintiff could pay the medical bills as necessary in light of the insufficiency of the medical payments coverage to satisfy all medical expenses incurred.  A copy of that correspondence is attached hereto as Exhibit C.

11.     Despite repeated requests for payment, State Farm has, to date, failed to issue payment for medical expenses as requested.

2

Jun.06.2008 14:09 Case 6:08-cv-06065-RTD 505 735 1118 Document 1-1 SF. CORP. LAW Filed 06/30/08 Page 4 of 32 PageID #:6/36

06/11/08 14:09 FAX 505 735 1118 SF. CORP. LAW

JUN. 9. 2008 1:29PM LIT UNIT

NO. 089 P. 6

04·1632-654

## COUNT I.  BREACH OF CONTRACT

12.     Plaintiff incorporates paragraphs 1 through 11 herein by reference as if set out word for word.

13.     Plaintiff has provided the defendant with medical bills and records totaling $27,273.21 that were incurred as a result of injuries sustained in the collision.

14.     On March 31, 2008, State Farm issued separate checks made payable to Plaintiff, his counsel and the following providers:  Hot Spring County Medical Center ($208.49); Hot Spring County Medical Center ($208.49); and Saline Memorial Hospital ($9,583.02).

15.     The checks tendered by State Farm were voided and returned to it with the renewed request that payment be made to the Plaintiff in the full amount of medical payments coverage.  Attached hereto as **Exhibit D** is a copy of correspondence dated April 9, 2008, along with the voided checks, sent to Defendant by Plaintiff's counsel.

16.     In response, State Farm advised that it was operating in line with its claim handling guidelines and acting in accordance with the policy language.  See **Exhibit E.** Consequently, it has failed and refused to issue payment to the Plaintiff, as has been repeatedly requested and as believed to be, based on available knowledge and information, provided by the terms of the applicable policy.

17.     State Farm has not cited any term or condition in its policy of insurance to support its refusal to make payment to its insured, Plaintiff Nathan Chancellor, pursuant to his medical payments coverage.  Moreover, Plaintiff's counsel wrote Defendant on April 29, 2008 and requested copies of the items on which Defendant asserted it properly places reliance.  See **Exhibit F.** No response to Plaintiff's request has been forthcoming.

3

18.    Pursuant to Ark. Code Ann. §23-89-208, State Farm is required to make payments on a monthly basis as the benefits accrue, and they are deemed overdue if not paid within thirty (30) days after receiving reasonable proof of the amount of all benefits accrued during the period.

19.    State Farm has orally advised that it will not and, in fact, refuses to issue payment to the Plaintiff for the benefits to which he is entitled under the medical payments coverage. Moreover, despite Plaintiff's request, State Farm has failed and refused to provide the guidelines, the policy or the language in the policy or the assignment of benefits upon which it places reliance.

20.    State Farm, by refusing to issue payment to the Plaintiff, is violating the terms and conditions of its policy of insurance and is in breach of same.

21.    Further, under Arkansas law, medical providers are not third-party beneficiaries to medical payments coverage and have no relationship to the policy of insurance.  *Elsner v. Farmers Insurance Group, Inc.* 354 Ark. 393, 220 S.W.3d 633 (2005).

22.    In taking this position, State Farm's actions are not only in contravention of the policy of insurance, but the purpose of no-fault medical-payments coverage, especially in cases such as this where the medical expenses exceed the available coverage. By insisting that it make payment to providers directly and/or that providers be included as additional payees, State Farm's actions prevent its insured from fully utilizing the benefits and coverage provided, thereby denying an insured the right to make a determination as to which providers are paid, how much they are paid, and/or negotiating with them for payment, either on a pro-rated or discounted basis.

04-1632-654

# COUNT II—VIOLATION OF THE DECEPTIVE TRADE PRACTICES ACT

23.    Plaintiff adopts and incorporates paragraphs 1-22 above as if set out word for word herein.

24.    Upon information and belief, State Farm engages in a systematic practice of attempting to limit and even avoid payment of no-fault medical benefits/PIP coverage to its customers, i.e. its insureds, at a time in which they are injured and reliant upon the medical payments coverage to obtain treatment and to protect their credit. State Farm does so, in part, by:

a)    Demanding detailed information not required by the policy of insurance before payment will be tendered, including the demand for procedure and diagnostic codes; revenue codes and other information beyond that necessary to determine whether reasonable and necessary medical expenses have been incurred;

b)    Refusing to issue payment to its insureds;

c)    Refusing to issue payment in amounts less than the full amount charged by a provider when directed by its insured;

d)    Delaying payment unreasonably and unfairly;

e)    Other actions of oppressive conduct designed to limit or eliminate the Plaintiff's access to the benefits purchased by way of premiums charged by Defendant and paid by Plaintiff.

25.    State Farm's actions are in violation of Ark. Code Ann. § 4-88-107(a), which makes unlawful deceptive and unconscionable trade practices and specifically prohibits

06/Jun. 13, 2008 12:14PM Case 6:08-cv-06065aRTDs Document CORP. Filed 06/30/08 Page 7 of 32 PageID #: 10 No. 1176 P. 11/436

JUN. 9. 2008 1:29PM LIT UNIT NO. 089 P. 9

04 -1632.454

"[e]ngaging in any other unconscionable, false, or deceptive act or practice in business, commerce or trade."

26. Plaintiff has been damaged by State Farm's deceptive and unconscionable practices inasmuch as he has been deprived of a benefit to which he is entitled; he has been unable to promptly satisfy his medical bills in a manner best designed to protect him and his interests; and he remains subject to collection action.

27. As a person who has suffered damage or injury as a result of the offenses committed by State Farm, Plaintiff is entitled to recover actual damages and his attorney's fees.

### COUNT III—BAD FAITH

28. Plaintiff adopts and incorporates paragraphs 1-27 above.

29. State Farm, by engaging in a practice of imposing requirements upon insureds that are unreasonable, unduly burdensome and beyond the terms and conditions of the policy of insurance, has engaged in malicious, oppressive and dishonest conduct constituting the tort of bad faith and is in violation of its duty of fair dealing.

30. Further, in refusing to issue payment as directed by Plaintiff, and similarly situated insureds, State Farm is on notice of the hardship being imposed and the financial and medical consequences of same. In this regard, its actions are malicious and oppressive, and designed to avoid its contractual obligation and deprive its insureds of benefits to which they are entitled.

31. State Farm is guilty of the tort of bad faith, entitling Plaintiff to compensatory and punitive damages.

32. Plaintiff reserves the right to conduct discovery and amend his complaint.

6

33.   Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, as well as interest in pursuing the instant matter.

34.   Plaintiff respectfully demands trial by jury.

WHEREFORE, Plaintiff, Nathan Chancellor, prays that this Court enter judgment over and against State Farm Mutual Automobile Insurance Company for compensatory damages in the amount of $10,000.00; for punitive damages based on Defendant's conduct; and for attorney's fees, penalty, interest and costs; and that Plaintiff be awarded pre-judgment interest and all other proper relief.

Respectfully submitted,

BUSFIELD & DUGGER, P.A.
5208 Kavanaugh Blvd., Suite 5
Little Rock, Arkansas 72207
Phone: (501) 664-0900
Fax: (501) 663-8111

Terry D. Dugger, ABN 95240
Julia L. Busfield, ABN 89016

7

JUN. 9, 2008  1:30PM    LIT UNIT                                NO. 089   P. 11

# State Farm Insurance Companies

04.1632.654

P.O. Box 1268
Columbia, MO 65205-1258

HRS: M-F 7:00am-7:00pm
Sat 8:30am-5:00pm

February 26, 2008

Busfield & Dugger, P.A.
5208 Kavanaugh Blvd Ste 5
Little Rock, AR 72207

RE:  Claim Number:    04-1632-654
     Date of Loss:    October 23, 2007
     Our Insured:     H R Chancellor
     Your File No.:
     Your Client:     Nathan Chancellor

Dear Mr. Terry Dugger:

Attached please find the certified copy of the certificate of coverage which you requested.

If you need anything else, please advise.

Sincerely,

Gregg Steffens
Team Manager
866-801-7024

State Farm Mutual Automobile Insurance Company

Enclosure



EXHIBIT
A

Jun. Case 2:08-cv-06065-RTD Document 1-1 Filed 06/30/08 Page 10 of 32 PageID #: 13
06/11/08 13:01 FAX 309 755 1118 SF CORP LIT NO. 1176 P. 14/36

JUN. 9. 2008 1:30PM LIT UNIT

NO. 089 P. 12

04-1432·654
Le Class Up



# CERTIFICATE OF COVERAGE

The undersigned is a Claim Team Manager for:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Florida Insurance Company

[Write in the name of the appropriate State Farm affiliate]

This certifies that policy number 1418-597-041 _____ , covering a(n)

1989 Toyota Camry VIN: 4T1SV21E5KU090908 _____ , was issued to H R & Hazel Chancellor  10183 Ridge Rd

Malvern, AR 72104

and was in effect on the accident date of October 23, 2007 _____ . The coverages and limits of

liability for this policy on that date were Liability(A) 50,000/100,000/50,000, Medical Payments Coverage(C)

$10,000, Emergency Road Side Service, Uninsured Motorist Bodily Injury(U) 25,000/50,000, Uninsured Motorist

Property Damage(U1) 25,000, Underinsured Motorist Bodily Injury(W)25,000/50,000, Death Indemnity(S1),

Total Disability(T1)

State of _Missouri_ )

_____ Claim Team Manager

) ss.

County of _Boone_ )

Subscribed and sworn to before me this _28_ day of _Feb._ , (Year) 2008

LORI COLEMAN
Notary Public - Notary Seal
State of Missouri
County of Boone
My Commission Expires April 19, 2010
Commission # 06872205

_____ Notary Public

My Commission Expires:
_4/18/10_

123207.1  Rev. 03-25-2005

# BUSFIELD & DUGGER, P.A.

ATTORNEYS AT LAW
5208 KAVANAUGH BLVD., SUITE 5
LITTLE ROCK, ARKANSAS 72207
(501) 664-0900 • FAX (501) 663-8111
www.busfieldduggerlaw.com

04-1632-654

Terry D. Dugger

tdugger@busfieldduggerlaw.com

January 21, 2008

VIA FACSIMILE: 800-726-4093
State Farm Insurance Company
P.O. Box 1268
Columbia, MO 65205
Attention: Team II

Re: Our Client: Nathan Chancellor
Your Insured: Raymond Chancellor
Policy Number: 1418597041
Claim Number: 04-1632-654
Date of Incident: October 23, 2007

Dear Team II:

By way of introduction, my firm has been retained by Nathan and Raymond Chancellor for purposes of providing representation in regards to the automobile accident in which Nathan was involved on 10/23/07. I understand that a claim for first party medical payments coverage has been initiated by the Chancellors. I also understand that there is medical payments coverage available of $10,000, and underinsured motorist coverage in full force and effect under the policy of automobile insurance issued to Raymond Chancellor by State Farm. I would appreciate at your earliest opportunity receipt by fax or mail of a copy of the declarations page setting forth the coverages which were in effect on the date of loss, 10/23/07.

Attached please find medical bills related to Nathan's post-accident care, the total of which was $27,273.21. Please have a medical payments check issued payable to Nathan Chancellor and Busfield & Dugger, P.A. in the amount of $10,000 and forward same to my firm.

Many thanks in advance for your assistance and cooperation.

Best regards,

Terry D. Dugger

TD/ap
cc: Nathan Chancellor
Raymond Chancellor
James Chancellor

EXHIBIT
B

06/11/08  15:01 FAX  508 755 1118       SF, CORP  LAW       BUSFIELD & DUGGER                    ☒001

JUN. 9. 2008  1:30PM    LIT UNIT

```
********************
***   TX REPORT   ***
********************
```
04.1632.654

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2905 |
| CONNECTION TEL | 18007254093 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 01/22 09:20 |
| USAGE T | 03'18 |
| PGS. SENT | 10 |
| RESULT | OK |

# BUSFIELD & DUGGER, P.A.

ATTORNEYS AT LAW
5208 KAVANAUGH BLVD., SUITE 5
LITTLE ROCK, ARKANSAS 72207
(501) 664-0900 ● FAX (501) 663-8111
www.busfieldduggerlaw.com

Terry D. Dugger                                                                         tdugger@busfieldduggerlaw.com

January 21, 2008

VIA FACSIMILE: 800-726-4093
State Farm Insurance Company
P.O. Box 1268
Columbia, MO 65205
Attention: Team 11

Re:     Our Client:        Nathan Chancellor
        Your Insured:      Raymond Chancellor
        Policy Number:     1418597041
        Claim Number:      04-1632-654
        Date of Incident:  October 23, 2007

Dear Team 11:

       By way of introduction, my firm has been retained by Nathan and Raymond Chancellor for purposes of providing representation in regards to the automobile accident in which Nathan was involved on 10/23/07. I understand that a claim for first party medical payments coverage has been initiated by the Chancellors. I also understand that there is medical payments coverage available of $10,000, and underinsured motorist coverage in full force and effect under the policy of automobile insurance issued to Raymond Chancellor by State Farm. I would appreciate at your earliest opportunity receipt by fax or mail of a copy of the declarations page setting forth the coverages which were in effect on the date of loss, 10/23/07.

       Attached please find medical bills related to Nathan's post-accident care, the total of which was $27,273.21. Please have a medical payments check issued payable to Nathan Chancellor and Busfield & Dugger, P.A. in the amount of $10,000 and forward same to my firm.

04-1632-654

# BUSFIELD & DUGGER, P.A.

ATTORNEYS AT LAW
5208 KAVANAUGH BLVD., SUITE 5
LITTLE ROCK, ARKANSAS 72207
(501) 664-0900 ● FAX (501) 663-8111
www.busfieldduggerlaw.com

Terry D. Dugger                                                          tdugger@busfieldduggerlaw.com

March 17, 2008

State Farm Insurance Company
P.O. Box 1268
Columbia, MO 65205
Attention: Med Pay Unit

RE:     Our Client:        Nathan Chancellor
        Your Insured:      Raymond Chancellor
        Policy Number:     1418597041
        Claim Number:      04-1632-654
        Date of Incident:  October 23, 2007

To Whom It May Concern:

Enclosed, please find an itemization summarizing the total medical expenses incurred by our client and State Farm's insured, Nathan Chancellor, as a result of the automobile accident in which he was involved on October 23, 2007. Accompanying the itemization are supporting medical records and bills. You will note that the total amount of the medical expenses documented and verified to date which were incurred by Mr. Chancellor for his injuries from the accident total the sum of $ 27,273.21. Mr. Chancellor is also receiving additional treatment for which we have not yet collected the medical records and bills. Pursuant to the med pay coverage provided to Nathan Chancellor by State Farm under the policy referenced above, which was in full force and effect at the time of the automobile accident in question, and in satisfaction of State Farm's obligations under the no-fault medical payments coverage, please have a check in the amount of $ 10,000.00 issued payable to Nathan Chancellor and Busfield & Dugger, P.A. and forward same to my attention at your earliest opportunity. I assume, given the policy holder's right to these first-party benefits, payment in the manner requested does not present an issue or problem.

I guess I should also point out, however, that I am vaguely aware of a "new policy" which several State Farm Med Pay adjusters have advised was recently implemented, whereby the medical care provider is to be included on any check submitted in satisfaction of State Farm's obligations under the first-party med pay coverage. In reference to the provider being on the check issued, I am sure that State Farm is aware the coverage is personal to the insured, which in this instance is Nathan Chancellor. The medical care provider is neither a party nor a third-party beneficiary to the insurance contract. Further, the provider does not have a lien on

EXHIBIT

C

Case 6:08-cv-06065-RTD    Document 1-1    Filed 06/30/08    Page 14 of 32 PageID #: 76
06/11/08   13:02 FAX 308 733 1118        SF. CORP. LAW

JUN. 9. 2008  1:31PM    LIT UNIT

NO. 089    P. 16

04-1632-654

medical payments or the coverage provided under the policy. Consequently, as the bills are the sole responsibility of the insured, the payments should be sent to my office without the provider named as an additional payee so the insured can pay providers directly. Moreover, if the total medical bills exceed or are anticipated to exceed the medical coverage available, by the automobile carrier's failure to send the check to the insured, the carrier is arbitrarily deciding which provider gets paid to the detriment of the insured. Finally, the key provisions of the policy regarding payment most likely clearly state that the carrier will pay the medical payments benefits to its insured. Unless those policy provisions provide that the carrier will make payment directly to medical care providers on a first-submitted basis, the carrier's actions are contrary to the express and explicit terms of the applicable policy.

Please feel free to call should you wish to discuss our request further.

Best regards,

Terry D. Dugger

TDD/ah
Enclosures

cc w/item:    Nathan Chancellor (via regular mail)
             James Chancellor (via facsimile)

06/11/08  10:02 FAX 000 735 1118    SF. CORP. LAW    NO. 089 ...  P. 1

JUN. 9. 2008  1:31PM    LIT UNIT

| MEDICAL PROVIDERS | TREATMENT DATES | DESCRIPTION | AMOUNT CHARGED | TOTAL BILL |
|---|---|---|---|---|
| PROMED AMBULANCE | 10/23/07 | AMBULANCE | $ 760.00 | $ 760.00 |
| | | | 04-1632 -654 | |
| SALINE MEMORIAL HOSPITAL | 10/23-25/07 | ER | $ 21,944.33 | |
| | 10/29/07 | HOME HEALTH VISIT | $ 151.00 | $ 22,095.33 |
| RADIOLOGY ASSOCIATES | 10/23/07 | XRAYS | $ 173.00 | $ 173.00 |
| ARKANSAS PATHOLOGY ASSOCIATES | 10/23-26/07 | LAB WORK | $ 106.88 | $ 106.88 |
| OUACHITA REGIONAL ANESTHESIA | 10/24/07 | SURGERY ANESTHESIA | $ 1,072.00 | $ 1,072.00 |
| SALINE ORTHOPEDIC GROUP, P.A. | 10/24/07 | SURGERY | $ 3,066.00 | |
| | 11/05/07 | POST-OP FOLLOW UP, SUTURE REMOVAL | NC | |
| | 12/03/07 | POST-OP FOLLOW UP | NC | |
| | 01/21/08 | POST-OP FOLLOW UP, WILL SEE AGAIN IN 6 MONTHS | NC | $ 3,066.00 |
| | | TOTAL MEDICAL | | $ 27,273.21 |
| MILEAGE: | | TOTAL MILEAGE | | |
| | | TOTAL MEDICAL & MILEAGE | | |

CHANCELLOR, NATHAN
Medical Charge Index

DATE OF LOSS: 10/23/07        Page 1 of 1

Jun. Case 2008-cv-0665-RTD    Document 1-1    Filed 06/30/08    Page 16 of 32 PageID 20/26
06/11/08  15:02 FAX 308 735 1118    SP. CORP. LAW    NO. 089  P. 18

JUN. 9, 2008  1:31PM    LIT UNIT

# BUSFIELD & DUGGER, P.A.

ATTORNEYS AT LAW
5208 KAVANAUGH BLVD., SUITE 5
LITTLE ROCK, ARKANSAS 72207
(501) 664-0900 • FAX (501) 663-8111
www.busfieldduggerlaw.com

04 -1632 - 654

rdugger@busfieldduggerlaw.com

Terry D. Dugger

April 9, 2008

State Farm Insurance Company
P.O. Box 1268
Columbia, MO 65205
Attention: Med Pay Unit

RE:    Our Client:        Nathan Chancellor
       Your Insured:      Raymond Chancellor
       Policy Number:     1418597041
       Claim Number:      04-1632-654
       Date of Incident:  October 23, 2007

Dear Sir/Madam:

Despite my previous requests that the check issued in satisfaction of State Farm's medical payments coverage provided under the above-referenced policy be issued solely payable to Nathan Chancellor and Busfield & Dugger, P.A., I have received additional checks from State Farm which include as a payee one of the numerous medical providers Mr. Chancellor saw for treatment. I am returning the recently-received checks to State Farm, which were made payable to Terry Dugger, Nathan Chancellor and Saline Memorial Hospital in the amount of $9,583.02; and to Terry Dugger, Nathan Chancellor and HSC Medical Center in the amounts of $208.49 and $208.49. You will note that I have written "Void" across the front of the checks in permanent marker.

Based upon our understanding of the terms of the medical payments provisions as contained in the policy of insurance, there is no requirement that providers be paid directly. In fact, my further understanding of the policy, as far as these benefits are concerned, is that my client, State Farm's insured, is to receive directly those benefits, not the medical providers. Moreover, the Arkansas Supreme Court has held that providers are not third-party beneficiaries of medical payments coverage and have no relationship to the medical payments contract. *Elsner v. Farmers Insurance Group, Inc.*, 354 Ark. 393, 220 S.W.3d 633. A copy of the Court's decision is enclosed for your review and consideration.

State Farm's present actions are not only in contradiction of the policy of insurance but the purpose of the coverage. In many similar instances like the one involving my client, the total medical bills exceed the available coverage and, by insisting the payment be made to providers directly, State Farm's actions prevent its insured from fully utilizing the benefits by either


EXHIBIT
D

04-1632-454

making a determination as to what providers are paid or negotiating with them for payment, either on a pro-rated or continuing basis.

Finally, as I am sure you are aware, pursuant to Ark. Code Ann. § 23-89-208, State Farm is required to make payments on a monthly basis as benefits accrue, and they are deemed overdue if not received within thirty (30) days of receiving reasonable proof of the amount of all benefits accrued during that period. Please accept this correspondence as our final demand on behalf of State Farm's insured and our client, Nathan Chancellor, that payment be made immediately for all benefits to which Mr. Chancellor is entitled under the policy and the applicable med pay provisions and, further, that such payment be made within thirty (30) days after receipt of reasonable proof of the amount of all benefits accrued. Please accept this correspondence as our final demand that payment be made immediately for all outstanding bills and, further, that in satisfaction of State Farm's obligation, a check in payment of these benefits be made payable to Nathan Chancellor and Busfield & Dugger, P.A. in the amount of $10,000.00. Again, please also accept this correspondence as our written objection to any providers being listed as additional payees on the check.

I trust that you will contact me should you have any questions or wish to discuss this matter further.

Best regards,

Terry D. Dugger

TDD/ah
Enclosures

cc:    Nathan Chancellor (via regular mail)

04.1632-654



RETAIN STUB FOR RECORDS

PAYMENT ID 7 22 507244 J
DATE 03-31-2008
AMOUNT $208.49
TIN 04-7107866608

AUTHORIZED BY DORST, MELODY
PHONE (888) 324-8827

LOSS DATE 10-23-2007

CLAIM ID: 04-1632-654
POLICY N° 1418-B607-04J

MEDICAL PAYMENT
$208.49

REMARKS 12/3/2007

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

1 22 507244 J
03-31-2008
$******208.49

EXACTLY TWO HUNDRED EIGHT AND 49/100 DOLLARS

Pay to the
Order of:
TERRY DUGGER & NATHAN CHANCELLOR & HSC MEDICAL CENTER
6208 KAVANAUGH BLVD SUITE 5
LITTLE ROCK AR 72207

AUTHORIZED SIGNATURE

CLAIM NO 04-1632-654
LOSS DATE 10-23-2007

04 -1432-654

CLAIM NO 04-1632-854    POLICY NO 1418-807-04J    LOSS DATE 10-23-2007

PAYMENT NO 1 22 507242 J
DATE 03-31-2008
AMOUNT $208.49
TIN 04-710766608

RETAIN STUB FOR RECORDS

AUTHORIZED BY DORST, MELODY
PHONE (888) 324-8833

Service Description
MEDICAL PAYMENT    $208.49    600    2

REMARKS - 1/21/2008

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

CLAIM NO 04-1632-654
LOSS DATE 10-23-2007

*EXACTLY TWO HUNDRED EIGHT AND 49/100 DOLLARS*

1 22 507242 J
DATE 03-31-2008
$*******208.49

AUTHORIZED SIGNATURE

Pay to the
Order of: TERRY DUGGER & MATTHEW CHANCELLOR & HSC MEDICAL CENTER
9208 KAVANAUGH BLVD SUITE B
LITTLE ROCK AR 72207

06/11/08  10:08  TUE  009 735 1118    SF. CORP.  LAW    Case 6:08-cv-06005-RTD    Document 1-1    Filed 06/30/08    Page 20 of 32 PageID #: 236

JUN. 9, 2008  1:32PM    LIT UNIT

NO. 089    P. 22

04-1632-654



PAYMENT NO  1 22 507248 J
DATE  03-31-2008
AMOUNT  $9,583.02
TAX  04-710772868

LOSS DATE  10-23-2007

CLAIM NO  04-1632-654

POLICY NO  1418-697-041

MEDICAL PAYMENT

$9,583.02    600

RETAIN STUB FOR RECORDS
AUTHORIZED BY  DORST, MELODY
PHONE  (888) 324-8827

1 22 507248 J
03-31-2008
DATE

$*****9,583.02

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

*******MEDICAL PAYMENT******
LIMITS EXHAUSTED**********

REMARKS  10/23/2007

MONROE, LA
AR. PMED, 22-166 1700

CLAIM NO  04-1632-654
LOSS DATE  10-23-2007

INSURED OR MELODY ? K

**EXACTLY NINE THOUSAND FIVE HUNDRED EIGHTY THREE AND 02/100 DOLLARS

Pay to the
Order of:  TERRY DUGGER & NATHAN CHANCELLOR & SALINE MEMORIAL HOSPITAL
           #208 KAVANAUGH BLVD SUITE
           LITTLE ROCK AR  72207



# EXPLANATION OF REVIEW

*This is not a bill*

04-1432-654

| CLAIM NUMBER | 04-1632-654 | OFFICE NAME | State Farm Mutual Automobile Insurance Company AR MPC Office |
|---|---|---|---|

NATHAN CHANCELLOR
c/o TERRY DUGGER
5208 KAVANAUGH BLVD SUITE 5
LITTLE ROCK AR 72207

SALINE MEMORIAL HOSPITAL
1 MEDICAL PARK DR
BENTON, AR 72015-3353

| DATE OF LOSS | 10/23/2007 | CLAIM HANDLER | AR Mpc A-Proc |
|---|---|---|---|
| NAME INSURED | CHANCELLOR, H R & HAZEL | ADDRESS | PO Box 1268 Columbia, MO. 65205-1268 |
| POLICY NUMBER | 141859704 | PHONE | (888) 324-8827 |
| JURISDICTION | Arkansas | TIN | 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 |
| ZIP OF SERVICE | 72015 | EST AMOUNT DUE | 0.00 |
| BILL REFERENCE NUMBER | 2002272496 | DATE RECEIVED | 11/12/2007 |
| DIAGNOSIS CODES | 821.01 CLOSED FRACTURE OF SHAFT OF FEMUR | ICD PROCEDURE CODES | 79.35 OPEN REDUCTION OF FRACTURE OF FEMUR WITH INTERNAL FIXATION |
| SUBMITTED DRG | 482 | ADJUSTED DRG | |
| BILL TYPE | 111 | | |
| ADMISSION DATE | 10/23/2007 | DISCHARGE DATE | 10/28/2007 |

| LINE | DATE OF SERVICE | REV CODE | CPT/HCPCS | MOD/TS | UNITS | SUBMITTED AMOUNT | APPROVED AMOUNT | REASON CODES |
|---|---|---|---|---|---|---|---|---|
| 1 | 10/23/2007 10/23/2007 | 0730 | | | 1 | 215.63 | 215.63 | |
| 2 | 10/23/2007 10/23/2007 | 0120 | | | 5 | 2,125.00 | 2,125.00 | |
| 3 | 10/23/2007 10/23/2007 | 0250 | | | 61 | 1,207.57 | 1,207.57 | |
| 4 | 10/23/2007 10/23/2007 | 0258 | | | 2 | 6.20 | 6.20 | |
| 5 | 10/23/2007 10/23/2007 | 0270 | | | 32 | 0.00 | 0.00 | |
| 6 | 10/23/2007 10/23/2007 | 0272 | | | 1 | 231.33 | 231.33 | |
| 7 | 10/23/2007 10/23/2007 | 0278 | | | 1 | 5,954.40 | 5,954.40 | |
| 8 | 10/23/2007 10/23/2007 | 0300 | | | 18 | 1,093.17 | 1,093.17 | |
| 9 | 10/23/2007 10/23/2007 | 0320 | | | 8 | 1,555.43 | 1,555.43 | |
| 10 | 10/23/2007 10/23/2007 10/23/2007 | 0324 | | | 2 | 396.68 | 396.68 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 11 | JUN. 9. 2008 1:33PM | LIT UNIT | | 136 | 2,752.01 | 2,752.01 |
| 12 | 10/23/2007 | 0370 | | 10 | 1,513.29 | 1,513.29 |
| 13 | 10/23/2007 | 0420 | | 9 | 585.00 | 585.00 |
| 14 | 10/23/2007 | 0424 | | 1 | 138.00 | 138.00 |
| 15 | 10/23/2007 | 0450 | | 2 | 242.84 | 242.84 |
| 16 | 10/23/2007 | 0460 | | 7 | 170.00 | 170.00 |
| 17 | 10/23/2007 | 0636 | | 2 | 22.20 | 22.20 |
| 18 | 10/23/2007 | 0636 | | 24 | 115.91 | 115.91 |
| 19 | 10/23/2007 | 0636 | | 1 | 18.27 | 18.27 |
| 20 | 10/23/2007 | 0636 | | 2 | 8.40 | 8.40 |
| 21 | 10/23/2007 | 0636 | | 18 | 264.40 | 264.40 |
| 22 | 10/23/2007 | 0636 | | 8 | 148.00 | 148.00 |
| 23 | 10/23/2007 | 0710 | | 1 | 0.00 | 0.00 |

*04·1632-659*

| | REASON | |
|---|---|---|
| **TOTAL SUBMITTED CHARGES** | | 18,763.73 |
| **TOTAL APPROVED AMOUNT** | | 18,763.73 |
| **DISCOUNT** | **REASON** | |
| | SF149 - Policy benefits have been exhausted. | 9,180.71 |
| **AMOUNT NOT PAYABLE** | | 0.00 |
| **DEDUCTIBLE** | | 0.00 |
| **APPORTIONMENT/PRO RATA** | | 0.00 |
| **PAID AMOUNT** | | 9,583.02 |

JUN. 9. 2008  1:33PM     LIT UNIT

04-1632-654

**EXPLANATIONS**

**PROCEDURE GUIDE**

Other

**DATE :3/31/2008**                                        Institutional



# EXPLANATION OF REVIEW

*This is not a bill*

04-1632-654

| CLAIM NUMBER | 04-1632-654 | | OFFICE NAME | State Farm Mutual Automobile Insurance Company AR MPC Office |
|---|---|---|---|---|

NATHAN CHANCELLOR
c/o TERRY DUGGER
5208 KAVANAUGH BLVD SUITE 5
LITTLE ROCK AR 72207

HSC MEDICAL CENTER
1001 SCHNEIDER DR
MALVERN, AR 72104-4811

| DATE OF LOSS | 10/23/2007 | CLAIM HANDLER | AR Mpc A-Proc |
|---|---|---|---|
| NAME INSURED | CHANCELLOR, H R & HAZEL | ADDRESS | PO Box 1268 Columbia, MO. 65205-1268 |
| POLICY NUMBER | 141859704 | PHONE | (888) 324-8827 |
| JURISDICTION | Arkansas | TIN | 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 |
| ZIP OF SERVICE | 72104 | EST AMOUNT DUE | 0.00 |
| BILL REFERENCE NUMBER | 993203301 | DATE RECEIVED | 2/5/2008 |
| DIAGNOSIS CODES | V54.89 OTHER ORTHOPEDIC AFTERCARE | ICD PROCEDURE CODES | |
| SUBMITTED DRG | | ADJUSTED DRG | |
| BILL TYPE | 131 | | |
| ADMISSION DATE | 1/21/2008 | DISCHARGE DATE | 1/21/2008 |

| LINE | DATE OF SERVICE | REV CODE | CPT/HCPCS | MOD/TS | UNITS | SUBMITTED AMOUNT | APPROVED AMOUNT | REASON CODES |
|---|---|---|---|---|---|---|---|---|
| 1 | 1/21/2008 1/21/2008 | 0320 | 73550 | LT, TC | 1 | 208.49 | 208.49 | 7, 339 |

| | |
|---|---|
| TOTAL SUBMITTED CHARGES | 208.49 |
| TOTAL APPROVED AMOUNT | 208.49 |
| AMOUNT NOT PAYABLE | 0.00 |
| DEDUCTIBLE | 0.00 |
| APPORTIONMENT/PRO RATA | 0.00 |
| PAID AMOUNT | 208.49 |

04-1632.654

## EXPLANATIONS

7 The diagnosis reported by the provider may represent a condition occurring as a result of the motor vehicle accident or an unrelated condition. The insurer may request additional documentation from the provider if the relatedness is not clear.

339 The modifier –TC has been appended to identify the technical portion of this procedure rendered in hospital/facility setting.

## PROCEDURE GUIDE

73550 Radiologic examination, femur, two views

Other

**DATE :**3/31/2008                                            Institutional

06/11/08  18:08 FAX 808 735 1118       SF. CORP. LAW

JUN. 9. 2008  1:34PM    LIT UNIT                                NO. 089   P. 28



# EXPLANATION OF REVIEW

This is not a bill

04-1632-654

| CLAIM NUMBER | 04-1632-654 | OFFICE NAME | State Farm Mutual Automobile Insurance Company AR MPC Office |
|---|---|---|---|

|  |  |
|---|---|
| NATHAN CHANCELLOR c/o TERRY DUGGER 5208 KAVANAUGH BLVD SUITE 5 LITTLE ROCK AR 72207 | HSC MEDICAL CENTER 1001 SCHNEIDER DR MALVERN, AR 72104-4811 |

| DATE OF LOSS | 10/23/2007 | CLAIM HANDLER | AR Mpc A-Proc |
|---|---|---|---|
| NAME INSURED | CHANCELLOR, H R & HAZEL | ADDRESS | PO Box 1268 Columbia, MO. 65205-1268 |
| POLICY NUMBER | 141859704 | PHONE | (888) 324-8827 |
| JURISDICTION | Arkansas | TIN | 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 |
| ZIP OF SERVICE | 72104 | EST AMOUNT DUE | 0.00 |
| BILL REFERENCE NUMBER | 992927601 | DATE RECEIVED | 1/25/2008 |
| DIAGNOSIS CODES | V54.89 OTHER ORTHOPEDIC AFTERCARE | ICD PROCEDURE CODES |  |
| SUBMITTED DRG |  | ADJUSTED DRG |  |
| BILL TYPE | 131 |  |  |
| ADMISSION DATE | 12/3/2007 | DISCHARGE DATE | 12/3/2007 |

| LINE | DATE OF SERVICE | REV CODE | CPT/HCPCS | MOD/TS | UNITS | SUBMITTED AMOUNT | APPROVED AMOUNT | REASON CODES |
|---|---|---|---|---|---|---|---|---|
| 1 | 12/3/2007 12/3/2007 | 0320 | 73550 | LT, TC | 1 | 208.49 | 208.49 | 7, 339 |

| | |
|---|---|
| TOTAL SUBMITTED CHARGES | 208.49 |
| TOTAL APPROVED AMOUNT | 208.49 |
| AMOUNT NOT PAYABLE | 0.00 |
| DEDUCTIBLE | 0.00 |
| APPORTIONMENT/PRO RATA | 0.00 |
| PAID AMOUNT | 208.49 |

JUN. 9, 2008  1:34PM      LIT UNIT                              NO. 089    P. 29

04.1632-65

## EXPLANATIONS

7 The diagnosis reported by the provider may represent a condition occurring as a result of the motor vehicle accident or an unrelated condition. The insurer may request additional documentation from the provider if the relatedness is not clear.

339 The modifier –TC has been appended to identify the technical portion of this procedure rendered in hospital/facility setting.

## PROCEDURE GUIDE

73550 Radiologic examination, femur, two views.

Other

DATE : 3/31/2008                                              Institutional



**State Farm®**
Providing Insurance and Financial Services
Home Office, Bloomington, Illinois 61710

*04-1632-654*

April 23, 2008

TERRY DUGGER                                    AR MPC Office
BUSFIELD & DUGGER PA                            P.O. BOX 1268
5208 KAVANAUGH BLVD SUITE 5                     COLUMBIA, MO 65205-1268
LITTLE ROCK, AR 72207

RE:     Claim Number:      04-1632-654
        Date of Loss:      10/23/2007
        Our Insured:       H R. CHANCELLOR
        Your Client:       NATHAN CHANCELLOR

Dear MR. DUGGER:

I have reviewed your letter of April 9, requesting that medical providers be excluded on our drafts. The case you cited is not applicable to the issue at hand. We are operating in line with our claim handling guidelines of protecting assignment of benefits and liens, as well as the policy language when we decide to issue payment to providers. Mr. Chancellor agreed to coverage as provided by the State Farm auto policy, and he assigned those benefits to his medical providers.

We have processed Mr. Chancellor's payment in accordance with the Arkansas Code you referenced. Your voluntary voiding of the payments has nothing to do with that. In order to avoid the circuitous routing of drafts, I will not issue any additional payments without acknowledgement of your intent to accept them.

Sincerely,

*Shelley Sculark*

Shelley Sculark
Claim Representative
(888) 324-8827

State Farm Mutual Automobile Insurance Company

EXHIBIT

E

04.1632-654

# BUSFIELD & DUGGER, P.A.

ATTORNEYS AT LAW
5208 KAVANAUGH BLVD., SUITE 5
LITTLE ROCK, ARKANSAS 72207
(501) 664-0900 • FAX (501) 663-8111
www.busfieldduggerlaw.com

Terry D. Dugger

tdugger@busfieldduggerlaw.com

April 29, 2008

VIA FACSIMILE: (800) 726-4093

State Farm Insurance Company
P.O. Box 1268
Columbia, MO 65205
Attention: Shelley Sculark/Med Pay Unit

RE:    Our Client:        Nathan Chancellor
       Your Insured:      Raymond Chancellor
       Claim Number:      04-1632-654
       Date of Incident:  October 23, 2007

Dear Ms. Sculark:

May this serve to acknowledge receipt of and to thank you for your correspondence of April 23, 2008, which was received in my office on April 28, 2008. Based upon the representation set forth in your letter, it is my understanding that State Farm relies upon both the policy language and, if applicable, an assignment of benefits. Based upon these representations, please provide me with a full and complete copy of the applicable motor vehicle policy of insurance. A certified copy would be preferable. Additionally, please also consider this letter a request for copies of any benefit assignments upon which State Farm is placing reliance.

Upon receipt of the policy and assignment(s) of benefits, and after I have had an opportunity to review them, I am hopeful that we can resolve amicably to the satisfaction of all concerned all issues related to the personal injury protection/no-fault medical coverage.

Thank you for your assistance.

Best regards,

Terry D. Dugger

TDD/ah

cc:    Nathan Chancellor (via regular mail)

EXHIBIT
E

```
********************
***   TX REPORT   ***
********************
```

04-1632-654

TRANSMISSION OK

TX/RX NO                    4249
CONNECTION TEL                        18007284093
SUBADDRESS
CONNECTION ID
ST. TIME                  04/29 11:30
USAGE T                   00'22
PGS. SENT                    1
RESULT                     OK

# BUSFIELD & DUGGER, P.A.

ATTORNEYS AT LAW
5208 KAVANAUGH BLVD., SUITE 5
LITTLE ROCK, ARKANSAS 72207
(501) 664-0900 ■ FAX (501) 663-8111
www.busfieldduggerlaw.com

Terry D. Dugger                                              tdugger@busfieldduggerlaw.com

April 29, 2008

VIA FACSIMILE: (800) 726-4093

State Farm Insurance Company
P.O. Box 1268
Columbia, MO 65205
Attention: Shelley Sculark/Med Pay Unit

    RE:    Our Client:        Nathan Chancellor
              Your Insured:     Raymond Chancellor
              Claim Number:    04-1632-654
              Date of Incident:   October 23, 2007

Dear Ms. Sculark:

    May this serve to acknowledge receipt of and to thank you for your correspondence of April 23, 2008, which was received in my office on April 28, 2008. Based upon the representation set forth in your letter, it is my understanding that State Farm relies upon both the policy language and, if applicable, an assignment of benefits. Based upon these representations, please provide me with a full and complete copy of the applicable motor vehicle policy of insurance. A certified copy would be preferable. Additionally, please also consider this letter a request for copies of any benefit assignments upon which State Farm is placing reliance.

    Upon receipt of the policy and assignment(s) of benefits, and after I have had an opportunity to review them, I am hopeful that we can resolve amicably to the satisfaction of all concerned all issues related to the personal injury protection/no-fault medical coverage.

JUN. 9. 2008  1:28PM    LIT UNIT

NO. 089   P. 3
04-1632-654

# IN THE CIRCUIT COURT OF HOT SPRING COUNTY, ARKANSAS

## SUMMONS

Plaintiff:          NATHAN CHANCELLOR

Court Division:

NO. CV2008- 138-2

V.

Defendant:      STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Plaintiff's attorney      Terry D. Dugger
BUSFIELD & DUGGER, P.A.
5208 Kavanaugh Blvd., Suite 5
Little Rock, AR 72207

THE STATE OF ARKANSAS TO DEFENDANT: STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY
Registered Agent: John Wells
4600 East McCain Blvd.
North Little Rock, AR 72117

### NOTICE

1.  You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached complaint.

2.  The attached Complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

    A.  It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

    B.  It must be filed in the court clerk's office within __30__ days from the day you were served with this summons.

3.  If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

4.  Additional notices:

WITNESS my hand and the seal of said Court this day: _6-4-08_

Sue Jones, CIRCUIT CLERK

by Sonda Willingham DC

Page 1 of 1



04-1632-654

Busfield & Dugger, P.A.
8208 Kavenaugh Blvd., Suite 5
Little Rock, AR 72207

John Wells
Registered Agent of Service for State Farm
4600 East McCain Blvd.
North Little Rock, AR 72117

CERTIFIED MAIL

7004 0810 0000 4897 2185