IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

NATHAN CHANCELLOR                                                    PLAINTIFF

    v.                    Case No. 08-6065

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                    DEFENDANT

### MEMORANDUM OPINION & ORDER

On August 14, 2008, Defendant filed a Motion to Dismiss. (Doc. 18). Defendant asserted that Plaintiff failed to state claims for breach of insurance contract, violation of the Arkansas Deceptive Trade Practices Act, and bad faith. In its Brief in Support of Motion to Dismiss, Defendant did not attack the allegations in Plaintiff's Complaint directly. (Doc. 19). Rather, it asserted that the terms of the insurance policy under which Plaintiff sought benefits precluded Plaintiff's claims. The policy cited by Defendant was attached as an exhibit to its Amended Answer. (Doc. 16). It is well-settled that a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) will not be considered after the defendant has filed an answer. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

In its Reply to Response to the Motion to Dismiss, Defendant asked the Court to convert its motion to dismiss to one for judgment on the pleadings under Rule 12(c). (Doc. 23). Under the precedent of this Circuit, the Court can treat a motion to dismiss as one for judgment on the pleadings. *Westcott*, 901 F.2d at 1488. However, for reasons recited herein, Defendant's motion is **DENIED.**

**I.   Background**

In considering a motion for judgment on the pleadings, the court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *U.S. v. Any & all Radio Station Transmission Equip.,* 207 F.3d 458, 462 (8th Cir. 2000).  Plaintiff alleges:

1. State Farm Mutual Automobile Insurance Company ("State Farm") issued insurance policy no. 1418597041 to H.R. Chancellor, grandfather of Plaintiff Nathan Chancellor.
2. On October 23, 2007, Plaintiff—while operating an automobile owned by his grandfather—was involved in a head-on collision.
3. As a result of the accident, Plaintiff suffered severe, permanent injuries.  These included a left femur fracture as well as injuries to the shoulder, neck, and chest.
4. At the time of the accident, Plaintiff was the beneficiary of first-party personal injury protection coverage("PIP") under policy no. 1418597041.
5. The PIP provided no fault medical payments coverage in the amount of $10,000.
6. On or about December 19, 2007, Plaintiff informed State Farm that he would assert a personal injury protection claim under the policy and submitted medical bills.
7. Plaintiff made a request for payment on January 21, 2008.

    Because payment had not been received as of March 17, 2008, Plaintiff sent an additional request for payment and submitted medical bills in the amount of $27,273.31.

8. Because the amount payable under the PIP was substantially less than Plaintiff's medical expenses, Plaintiff requested that the payment of benefits be made directly to him. This would allow Plaintiff to pay his medical expenses as needed and attempt to conclude some outstanding bills for lesser amounts.

9. On March 31, 2008, State Farm issued three checks. The first was payable to Plaintiff, his attorney, and Hot Spring County Medical Center in the amount of $208.49. The second was also payable to Plaintiff, his attorney, and Hot Spring County Medical Center and in the amount of $208.49. Finally, the third was payable to Plaintiff, his attorney, and Saline Memorial Hospital in the amount of $9,583.02.

10. Plaintiff voided these checks and returned them to State Farm with correspondence—dated April 9, 2008—reiterating his request that State Farm issue payment directly to him.

11. State Farm informed Plaintiff that it would not issue additional checks until Plaintiff agreed to accept payment as issued.

12. State Farm maintained—without providing documentation—that its payments were in conformity with company guidelines and

policy no. 1418597041.

13. State Farm has not responded to Plaintiff's attempts to determine the guideline/policy basis which authorizes State Farm to issue payment to third-party medical care providers.

14. State Farm has attempted to further deter Plaintiff's attempt to collect no-fault medical benefits/PIP coverage by:
    a. demanding detailed information not required by the policy of insurance before payment would be tendered;
    b. refusing to issue payment in amounts less than the full amount charged by a provider when directed by an insured; and
    c. unreasonably delaying payment.

15. State Farm continues to refuse to issue payment in conformity with Plaintiff's request.

**II. Standard**

The court analyzes the factual allegations of a Rule 12(c) motion under the same standard as that applied under Rule 12(b)(6). *Westcott*, 901 F.2d at 1488. Thus, the court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Any & all Radio,* 207 F.3d at 462. "Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id*.

**III.  Discussion**

Defendant's primary basis for attacking Plaintiff's Complaint arises not from the allegations in the Complaint itself but from the provisions of insurance policy no. 1418597041, which Defendant attached to its Amended Answer.  In ruling on a motion for judgment on the pleadings, the court may consider the pleadings and exhibits attached thereto.  Fed. R. Civ. P. 10.  "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).  Accordingly, in the present case, the Court will consider the insurance policy attached to Defendant's Amended Answer in ruling on Defendant's motion.  *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002);  *Sinclair Refining Co. v. Stevens*, 123 F.2d 186, 189 (8th Cir. 1941).

The insurance policy in question states:

> **Our Payment Options**
>
> **We** may, at **our** option, make payment to one or more of the following:
>
> 1. The **insured**;
>
> 2. The **insured's** surviving spouse;
>
> 3. A parent or guardian of the **insured**, if the **insured** is a minor or an incompetent **person**;
>
> 4. A **person** authorized by law to receive such payment; or
>
> 5. Any **person** or organization that provides

>                 the *medical services* or funeral services.

Policy Form 9804A, p.14 (emphasis original).  The policy further states:

> **9.   Assignment**
> No Assignment of benefits or other transfer of rights is binding upon *us* unless approved by *us*.

Policy Form 9804A, p.33 (emphasis original).

"[D]ifferent clauses in a contract must be read together and construed so that all of its parts harmonize, if that is at all possible." *Ison v. Southern Farm Bureau Cas. Co.*, 93 Ark. Ct. App. 502, 509, 221 S.W.3d 373, 379 (2006).  Defendant asserts that the policy provision styled "Our Payment Options" stands alone and provides clear authorization for its decision to issue joint payment to Plaintiff, his attorney, and his medical care providers. Meanwhile, Plaintiff——attempting to respond to Defendant's improper motion to dismiss as one for summary judgment——contends that the "Our Payment Options" provision must be read in conjunction with the policy's "Assignment" provision. (Doc. 22). Under Plaintiff's construction, Defendant can make payment to a medical service provider where it has approved an assignment of benefits by its insured, but it cannot act in contravention of its insured's express payment direction.

Defendant originally filed its motion as one for dismissal under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff attempted to respond to the motion as such and alternatively

responded—in light of Defendant's reliance on the certified insurance policy attached to its Amended Answer—based on the premise that Defendant was making a motion for summary judgment. Finally, in its Reply to Response to the Motion to Dismiss, Defendant sought judgment on the pleadings under Rule 12(c). As a result, the issues and standards applicable to this case have not been squarely addressed. The proper construction and interpretation of the insurance contract in question—while a matter of law—has not been fully evaluated by the parties. *Elam v. First Unum Life Ins. Co.,* 346 Ark. 291, 297, 57 S.W.3d 165, 170 (2001). Accordingly, the Court declines to resolve the interpretive conflict at this time.

The Court also notes that a statute governing insurance coverage becomes part of a policy affected by it. *First Sec. Bank of Searcy v. Doe*, 297 Ark. 254, 257, 760 S.W.2d 863, 865 (1988); *Tate v. Paul Revere Fire Ins. Co.,* 214 Ark. 397, 398, 216 S.W.2d 385, 386 (1949). Arkansas Code Annotated Section 23-89-208 states in relevant part:

> Payment provision
>
> (a) Payment under the coverages enumerated in § 23-89-202(1) and (2) shall be made on a monthly basis as benefits accrue.
>
> (b) Benefits for any period are overdue if not paid within thirty (30) days after the insurer received reasonable proof of the amount of all benefits accruing during that period.

> (c) If reasonable proof is not supplied as to all benefits accrued, the portion supported by reasonable proof is overdue if not paid within thirty (30) days after the proof is received by the insurer.

Construing the facts in the light most favorably to Plaintiff, he first demanded the payment of benefits and provided adequate proof thereof on December 19, 2007. Defendant first attempted payment on March 31, 2008. Thus, Defendant's compliance with Section 23-89-208 is in question.

It is well-settled that "contracts of insurance should receive a practical, reasonable, and fair interpretation, consonant with the apparent object and intent of the parties in light of their general object and purpose." *Multi-Craft Contractors Inc. v. Perico Ltd.*, 96 Ark. Ct. App. 133, 144, 239 S.W.3d 33, 41 (2006). Proper interpretation of the insurance contract in question is frustrated by the procedural course of Defendant's motion. To prevail on a motion for judgment on the pleadings, the moving party must clearly demonstrate that is it entitled to judgement as a matter of law. *Any & all Radio,* 207 F.3d at 462. At present, the Court cannot adequately resolve the breach of contract issue on the pleadings. Finally, because Defendant asserts that Plaintiff's Deceptive Trade Practices Act and bad faith claims are integrally connected with his breach of contract claim, judgment on the pleadings must be denied with respect to those claims as well.

**IV. Conclusion**

    For the above stated reasons, Defendant's Motion to Dismiss (Doc. 18) is DENIED.

    IT IS SO ORDERED this 22nd day of September, 2008.

                                      */s/ Robert T. Dawson*
                                      Honorable Robert T. Dawson
                                      United States District Judge